IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SONIA MELENDEZ, Personal Representative of the Estate of Benjamin Melendez, Deceased;<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF GRAND ISLAND, a Nebraska political subdivision; JON ROSENLUND, in his individual and official capacity; 911 DISPATCHER #1, in his individual and official capacity; 911 DISPATCHER #2, in her individual and official capacity; and DOES #1 - 10, in their individual and official capacities;<br><br>Defendants. | 4:21CV3061<br><br>ORDER |

This matter is before the Court on Defendants' Motion for Protective Order (Filing No. 27). The motion is granted.

### BACKGROUND

On March 11, 2021, Plaintiff filed this § 1983 suit against the City of Grand Island, Jon Rosenlund, ten Doe defendants, and two yet-to-be named dispatchers who allegedly worked at the 911 Communications Division of the City of Grand Island Emergency Management.[1] (Filing No. 1.) Following submission of the Answer (Filing No. 18) of Defendant City of Grand Island and

---

[1] Hall County, Nebraska was also originally named as a defendant, but, pursuant to Plaintiff's request, the Court dismissed Hall County from this suit on May 5, 2021. (Filing Nos. 16, 17.)

Jon Rosenlund, the Court entered its Scheduling Order (Filing No. 20) directing the parties to confer and submit a Rule 26(f) report by June 11, 2021.

Thereafter, the parties began the process of drafting their Rule 26(f) Report. On June 11, 2021, Plaintiff's attorney submitted a draft report to Defendants' counsel, indicating she did not believe a protective order would be necessary. (Filing No. 30.) Defendants' counsel responded with redlined revisions, which indicated "[a]ll parties anticipate that a protective order will be needed to complete the exchange and discovery." (Id.) Plaintiff's attorney responded: I'm okay with your redline suggestions—you can file." (Id.) Defendants' counsel contends he believed from this exchange with Plaintiff's counsel that Plaintiff would be amenable to a protective order and filed the Rule 26(f) Report on June 11, 2021 indicating as such. (Id.)

Plaintiff's counsel thereafter served Defendants with discovery requests, seeking "all contents of all files maintained" on three individuals—Defendant Jon Rosenlund and the two not-yet-named dispatchers. (Filing No. 31-1.) Defendants contend that the responsive materials exceed 750 pages and include an assortment of irrelevant documents and personal information, including application information, references, benefit elections, unrelated performance evaluations, medical-related documentation, and educational histories. (Id.) After receiving the discovery requests, Defendants began the process of seeking a protective order so they could produce the personnel files.

## DISCUSSION

Defendants argue a protective order is necessary to facilitate the exchange of confidential information. Defendants maintain their request for a protective order was prompted by Plaintiff's broad discovery requests seeking personnel files. Plaintiff opposes entry of a protective order arguing that Defendants have not shown good cause for entry of such an order. Plaintiff also asserts entry of the proposed protective order would delay case progression because the parties will inevitably disagree over whether some documents are deserving of confidentiality designations. Further, Plaintiff contends Defendants are seeking secrecy through a protective order to prevent wide-spread disclosure of embarrassing information.

Pursuant to Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden

or expense." Fed. R. Civ. P. 26(c). A district court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (quotation omitted). The burden of showing good cause for issuance of a protective order is on the party seeking the order. *Id.* at 926. In demonstrating good cause, the party asserting harm must allege more than conclusory statements, but must instead present "a particular and specific demonstration of fact." *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir.1973).

The Court finds that the confidential nature of some of the information requested by Plaintiff, including the contents of personnel files, constitutes good cause for entry of a protective order. Multiple courts, including the Eighth Circuit Court of Appeals, have recognized the confidential and sensitive nature of documents contained in personnel files. *See Donald v. Rast*, 927 F.2d 379, 381 (8th Cir.1991) (noting confidential nature of a police officer's personnel file). The sensitivity of this information, along with the marginal relevance of some information contained in personnel files, has often been found to support good cause for issuance of protective orders. *See Holmes v. Henry*, No. 4:10CV1165, 2011 WL 5075012, at *3 (E.D. Ark. Oct. 26, 2011) (finding that confidential nature of information contained in a police officer's personnel file constituted good cause for issuance of a protective order); *Knoll v. American Tel & Tel. Co.*, 176 F.3d 359, 365 (6th Cir. 1999) (upholding a protective order, stating that "personnel files might contain highly personal information such as an individual's unlisted address and telephone number, marital status, wage information, medical background, credit history . . . and other work-related problems unrelated to plaintiff's claims"). The Court agrees that the private information contained in the personnel files, as well as the marginal relevance of certain documents contained in those files, supports a finding of good cause for entry of a protective order.

The Court is not persuaded by Plaintiff's speculative argument that entry of a protective order would slow case progression. Nor is the Court persuaded by Plaintiff's assertion that Defendants are seeking secrecy through a protective order to protect themselves from embarrassment. Defendants have already produced 1,350 pages of documents to Plaintiff without the entry of a protective order. There is no indication that Defendants have an ulterior motive or plan to mark all future documents to be produced as confidential to prevent embarrassment or delay case progression. Rather, Defendants are seeking a protective order that covers sensitive

3

personnel file information, some of which likely has marginal (if any) relevance to the issues involved in this suit. Moreover, Defendants are seeking to use a protective order like the Court's form protective order often utilized by parties to facilitate the exchange of confidential information. Defendants are not seeking entry of an unusual or overly restrictive order.

Accordingly, upon a finding of good cause,

**IT IS ORDERED** that Defendants' Motion for Protective Order ([Filing No. 27](#)) is granted. The Court will enter the proposed protective order submitted by Defendants ([Filing No. 27-1](#)) by separate order.

Dated this 21st day of October, 2021.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge